Modified.

22 C. C. P. A. (Patents)

In re BOND.

Patent Appeal No. 3467.

Court of Customs and Patent Appeals.
May 27, 1935.

Church & Church, of Washington, D. C. (Melville Church and Halbert P. Brown, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 9, 10, and 11 in appellant's application for a patent for an alleged invention relating to a method of loading shotgun shells.

The claims read as follows:

"9. In the art of loading shot shells, the process comprises, placing part of the load in the shell, inserting wad material in the shell, placing binding material in the shell, and forming said materials into a wad within the shell.

"10. In the art of loading shot shells, the process comprising, placing part of the load in the shell, inserting wad material in the shell, placing lubricating material in the shell, and forming said materials into a wad within the shell.

"11. In the art of making cartridge shells the process comprising, charging comminuted wad material into the shell, and condensing the material with a congealed substance maintained at a temperature sufficient to soften the same."

It appears from the record that, for interference purposes, the appealed claims were copied by appellant from a patent issued to Clyne, No. 1,883,575, wherein the claims appeared as Nos. 1, 2, and 3.

The application upon which the Clyne patent issued was copending with appellant's application.

The appealed claims were rejected by the tribunals of the Patent Office on the ground that appellant was not entitled to make them.

In his decision the Primary Examiner said: "The subject matter of the Bond application is directed to a method of wadding shot gun shells. In carrying out the method powder is first charged into the shell, a disk of paper is laid upon the powder and a pellet of plastic material 'such as a mixture of cork, paraffin and asphaltum,' is placed upon the disk. Another disk of paper is placed upon the plastic wad and then a plunger, the foot of which may or may not be heated, is introduced into the shell and by pressing upon the charged assembly the plastic wad is radially expanded into sealing engagement with the shell casing."

In other words, it was the view of the Primary Examiner, which view was approved by the Board of Appeals, that the appealed claims provide for a so-called two-step method, as expressed in claim 9, wherein certain wad material is placed in the shell, and thereafter binding material is placed therein, and the two formed into a wad; or, as expressed in claim 10, the insertion of the wad material, thereafter placing a lubricating material within the shell, and forming a so-called "wad" therefrom.

As compared to claims 9 and 10, claim 11 is somewhat limited, in that it includes, as stated by the Board of Appeals, "charging comminuted wad material into the shell, and condensing the material with a congealed substance maintained at a temperature sufficient to soften the same."

It clearly appears from appellant's specification, as held by each of the tribunals of the Patent Office, that appellant's alleged invention, as set forth in his specification, provides for the placing of a "pellet or similar mass of plastic material, * * * such as a mixture of cork, paraffin and asphaltum," in the shell; that such pellet, consisting of the mixture aforesaid, "is plastic in nature, the cork particles serving solely to absorb the initial peak pressures developed by modern fast burning powders." A paper disk is placed on top of the pellet, and a disk also separates the powder, which is first placed in the shell, from the pellet or wad material. By means of a plunger, "the pellet is expanded outwardly into perfect sealing contact with the shell casing."

Although counsel for appellant seriously urges that the disclosures of appellant and the patentee Clyne are substantially the same, it is conceded, as indeed it must be, that Clyne disclosed not only the use of a so-called pellet, "wherein an agglomerated mass of comminuted cork, a lubricant such as paraffin, and a binder such as asphaltum, are compressed within the shell casing itself to form a unified wad that will not only give a perfect gas sealing contact with the wall of the shell but which, being plastic, will be capable of expanding under pressures·created upon firing of the shell to maintain the perfect gas seal with the bore of the gun after the shell charge leaves the shell and travels through the gun barrel," as is disclosed by appellant, but that he also disclosed the processes as set forth in the appealed claims. That is to say, he disclosed and claimed the process of inserting wad material into the shell, thereafter placing binding material in the shell, and forming such materials into a wad, as provided in claim 9; or, as stated in claim 10, the insertion of the wad material into the shell, thereafter placing lubricating material therein, and forming such materials into a wad; or, as stated in claim 11, placing comminuted material in a shell, and condensing the material with a congealed substance maintained at a temperature sufficient to soften the same.

It is perfectly obvious from appellant's specification that he does not disclose the two-step method, defined by the appealed claims, but, on the contrary, provides for the use of a pellet, or similar mass of plastic material of cork, paraffin, or asphaltum, made prior to placing it in the shell.

It may be, as argued by counsel for appellant, that appellant's method is as useful as those defined by the appealed claims, and that the patentee Clyne recognized and expressed that fact in his specification, nevertheless, the appealed claims are expressly limited, as held by the tribunals of the Patent Office, to the so-called two-step method, which appellant does not disclose. Such express limitations may not be ignored. See Atherton v. Payne, 54 F.(2d) 821, 19 C. C. P. A. (Patents) 867, and cases cited therein.

Holding the views herein expressed, we deem it unnecessary to discuss other matters referred to by the Board of Appeals and by counsel for appellant.

The decision is affirmed.

Affirmed.